Wood, J.
In the case of Creed against the Commercial Bank of Cincinnati, at the present term, it was decided by this court, that the Commercial Bank had, under its charter, the capacity to reserve no more than six per centum per annum, in advance, on its loans,- and if a higher rate was reserved as interest, either directly or indirectly, or by any shift or device, the security taken would be void ; and the reasons for that opinion are fully stated in that case. A majority of the court see no reason to change the ground there assumed. It is necessary, therefore, to ascertain the facts. From the depositions on file, it appears the Reeds, who are parties to this bill, were drovers of cattle to the Philadelphia market, and, for that purpose, occasionally borrowed money of the plaintiff, and made their paper payable in Philadelphia. The bill in question was bought by the plaintiff. Seventy dollars wore reserved as interest, being less than at the rate of six per centum per annum, for the time the bill had to run. The proceeds of Lhe bill were paid on the defendant’s check.
The plaintiff’s clerk testifies, that the plaintiff had before purchased a bill drawn by Absalom Reed, dated *July 8, 1840, for $3,500, payable at four months, in Philadelphia, and accepted by the defendant, John Reed, and by mistake addressed to him in Ohio. This bill was protested for non-payment. The costs and interest, after maturity, $33.65 ; $210 for six per centum-damages; and $3,500 for principal in the bill; in the aggregate, $3,743.65 was computed and paid from the avails of the bill in suit, which was discounted for that purpose, by John Reed, the delendant’a check for $3,595.65, and $150 in cash.
In the language of counsel, we may inquire, where is the usury? It is said to exist in the reservation of the $210, on the discount *427 of the bill in suit, as six per centum damages. It is true these damages could not be recovered at law by the bank, because the bill was addressed to the drawee and acceptor in Ohio, instead of Philadelphia. In answer to this, the proof is, that by the agreement of the parties, the bill was to have been drawn on Reed, in Philadelphia, and a sheer mistake prevented. There was, therefore, a moral obligation, after the protest of the bill,.to rectify the mistake, and pay the damages; and with a full knowledge of these facts, and supported by this moral consideration, it was agreed they should be paid on the discount of the bill in suit, and wore applied accordingly. It does not appear to us that this evidence, by any means, sustains the defense. It is, however, urged by counsel, that these damages should be deducted from the amount of the bill, if their receipt does not constitute usury, and avoid it ab origine.
We think differently; upon a moral consideration, if money is paid, or upon an agreement for usurious interest, if it be executed, and the interest once advanced, the parties are pari delicto, and it can not be recovered back.
Judgment must be entered on the verdict.
Judgment for plaintiff.